IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

LEROY GREENWOOD AND
JODY L. GREENWOOD

          Plaintiff,

vs.

UNITED STATES OF AMERCIA

          Defendant.

Case No. 22-

Hon:

---

BRIAN J. MCKEEN (P34123)
J. KELLY CARLEY (P38892)
McKEEN & ASSOCIATES, P.C
Attorneys for Plaintiff
645 Griswold Street, Suite 4200
Detroit, Michigan 48226
(313) 961-4400

---

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff, Leroy and Jody Greenwood, were residents of Rives Township, County of Jackson, State of Michigan at the time the malpractice alleged in this matter.

2. Plaintiffs bring this action against the Defendant, United States of America, under the Federal Tort Claims Act (FTCA), 28 U.S.C. sect. 1346(b), 2671-2680.

3. Travis Brown, PA-C, was a licensed physician's assistant practicing in the City of Jackson, County of Jackson, State of Michigan, at the time of the malpractice alleged in this matter.

4. Elizabeth Findley, NP, was a licensed nurse practitioner practicing in the City of Jackson, County of Jackson, State of Michigan, at the time the malpractice alleged in this matter.

5. At all times pertinent to the allegations in this Complaint, Center For Family Health (hereafter "CFFH") was deemed a federally supported health center.

6. At all times pertinent to the allegations in this Complaint, the Federally Supported Health Centers Assistance Act of 1992 provided that the FTCA is the exclusive remedy for injuries, including death, caused by employees of a deemed community health center.

7. At all times pertinent to the allegations in this Complaint, Elizabeth Findley, NP, and any other nurse practitioner assisting or providing primary care for Mr. Greenwood at the CFFH, were employees, and or agents, express or ostensible, of the CFFH, a federally funded community Health Center.

8. At all times pertinent to the allegations in this Complaint, Travis Brown, PA-C, and any other physician's assistant assisting in providing primary care to Mr. Greenwood at the CFFH, were employees, and/or agents (express or ostensible), of the CFFH, a federally funded health center.

- 2 -

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1331 and 1346(b).

10. On or about February 12, 2021, Plaintiff submitted an Administrative Tort Claim to the US Department of Health and Human Services which was rejected on December 22, 2021.

11. Venue is properly with this District under U.S.C. § 1402(b) as the acts that are the subject of this Complaint occurred in Jackson County at the time of the malpractice and at that time the Plaintiffs resided in Jackson County.

## PARTIES

12. At all times relevant hereto the Plaintiff, Leroy and Jody Greenwood, were residents of the Township of Rives, County of Jackson, State of Michigan.

13. At all times relevant hereto, the nurse practitioners and physician's assistants who rendered primary care to Mr. Greenwood at the CFFH, were employees and/or agents (express or ostensible) of the CFFH.

## FACTUAL ALLEGATIONS

14. The Plaintiff realleges paragraphs 1 through 13 as if set forth fully herein.

- 3 -

15. The Plaintiff, Leroy Greenwood, began receiving his primary care at the CFFH in 2009.

16. He continued using nurse practitioners and physician's assistants at CFFH for his primary care over the next 12 years.

17. As part of his primary care, Mr. Greenwood underwent prostate-specific antigen (PSA) testing in July 2009 and November 2011.

18. While receiving primary care at CFFH, Mr. Greenwood was treated by Travis Brown, PA-C, as well as other physician's assistants.

19. While receiving primary care at CFFH, Mr. Greenwood was treated by Elizabeth Findley, NP, and other nurse practitioners.

20. During the time Mr. Greenwood was under the care of NPs and PAs at CFFH he had the following clinical findings: dysuria, hematuria, polyuria, and a testicular mass.

21. In 2015, he was prescribed Flomax for benign prostatic hyperplasia (BPH).

22. Despite Mr. Greenwood's age and clinical findings, no PSA testing was done until February 2020.

23. Finally, in February 2020, Mr. Greenwood underwent a PSA test with the result being 79.4 (n 0-4).

24. Another PSA test was done in April 2020, with the result being 167.8 (n 0-4).

25. On May 6, 2020, Mr. Greenwood underwent an ultrasound guided biopsy of the prostate at Henry Ford Hospital-Jackson, which was positive for prostatic adenocarcinoma.

- 4 -

26. On May 19, 2020, a bone scan showed widespread metastasis to Mr. Greenwood's ribs and clavicle.

27. At the time this Complaint was drafted, Mr. Greenwood continues to battle the metastatic cancer.

## COUNT I
## FEDERAL TORT CLAIM ACT – MEDICAL NEGLIGENCE OF PHYSICIAN'S ASSISTANTS

28. Plaintiff realleges paragraphs 1 through 27 as if set forth fully herein.

29. At all times pertinent hereto, Travis Brown, PA-C, and other physician's assistants rendering primary care to Mr. Greenwood at the CFFH, owed a duty to the Plaintiff, Leroy Greenwood, to render treatment in a reasonable and prudent manner consistent with the applicable standard of care for a licensed physician's assistant of ordinary skill, judgment, and learning.

30. Notwithstanding their duties, Travis Brown, PA-C, and other physicians assistants rendering primary care to Mr. Greenwood at CFFH, breached in those duties to Mr. Greenwood in the following ways:

(a) Failing to do serial PSA screening in light of Mr. Greenwood's age and clinical presentation;

(b) Failing to recommend serial PSA screening to Mr. Greenwood in light of his age and clinical presentation;

(c) Failing to take into consideration risk factors such as BPH when deciding to do or recommend serial PSA screening;

(d) Failing to take into consideration clinical findings when recommending or ordering serial PSA screening;

(e) Failing to follow-up on previous PSA testing.

- 5 -

31. As a direct and proximate result of the above breaches in the standard of care by Travis Brown, PA-C, nd other physician's assistants rendering primary care to Mr. Greenwood at the CFFH, Mr. Greenwood's prostate cancer went undetected and untreated until it was advanced and had metastasized to other organs and body structures which portends a poor prognosis, and which will shorten Mr. Greenwood's life.

## COUNT II
## FEDERAL TORT CLAIM ACT – MEDICAL NEGLIGENCE OF NURSE PRACTITIONER

32. Plaintiff realleges paragraphs 1 through 31 as if set forth fully herein.

33. At all times pertinent hereto, Elizabeth Findley, NP, and other nurse practitioner rendering primary care to Mr. Greenwood at the CFFH, owed a duty to the Plaintiff, Leroy Greenwood, to render treatment in a reasonable and prudent manner consistent with the applicable standard of care for a licensed of nurse practitioner ordinary skill, judgment, and learning.

34. Notwithstanding their duties, Elizabeth Findley, NP, and other nurse practitioner rendering primary care to Mr. Greenwood at CFFH, breached in those duties to Mr. Greenwood in the following ways:

    (a) Failing to do serial PSA screening in light of Mr. Greenwood's age and clinical presentation;

- 6 -

(b) Failing to recommend serial PSA screening to Mr. Greenwood in light of his age and clinical presentation;

(c) Failing to take into consideration risk factors such as BPH when deciding to perform or recommend serial PSA screening;

(d) Failing to take into consideration clinical findings, including, but not limited to dysuria, hematuria, polyuria, a testicular mass when recommending or ordering serial PSA screening;

(e) Failing to follow-up on previous PSA testing.

35. As a direct and proximate result of the above breaches in the standard of care by Elizabeth Findley, NP, and other nurse practitioners, rendering primary care to Mr. Greenwood at the CFFH, Mr. Greenwood's prostate cancer went undetected and untreated until it was advanced and had metastasized to other organs and body structures which portends a poor prognosis, and which will shorten Mr. Greenwood's life.

## **COUNT III – LOSS OF CONSORTIUM**

36. Plaintiffs hereby reallege paragraphs 1 through 35 as if set forth fully herein.

37. At all times relevant hereto, Leroy Greenwood was the lawful husband of Jody L. Greenwood.

38. As a direct and proximate result of Defendants' negligence as hereinbefore alleged, Plaintiff Jody L. Greenwood's husband was damaged, injured, and harmed, as aforesaid, and Plaintiff Jody Greenwood has been deprived

of the comfort, companionship, society and services of her husband, Leroy Greenwood,

## DAMAGES

39. Plaintiffs reallege paragraphs 1 through 38 as if set forth fully herein.

40. This matter is being brought pursuant to the FTCA.

41. As a direct and proximate result of the professional negligence and medical malpractice described above, the Plaintiff Leroy Greenwood, has suffered serious and permanent injury; extreme pain; mental anguish; anxiety and depression; embarrassment, loss of substantial sums of money for both past and future hospital, clinic, medical and prescription costs; wage loss both past and future; loss of employment, loss of earning capacity, and a shortened life expectancy.

WHEREFORE, the Estate of Clinton Badon, respectfully requests compensatory damages, reasonable attorney fees and costs, and such other relief that is just and appropriate.

Respectfully Submitted:

McKEEN & ASSOCIATES, P.C.

*J. Kelly Carley*
BRIAN J. MCKEEN (P34123)
J. KELLY CARLEY (P38892)
Attorneys for Plaintiff

                                              645 Griswold Street, Suite 4200  
                                              Detroit, MI 48226  
                                              (313) 961-4400

DATED: June 21, 2022

## AFFIDAVIT OF MERIT

STATE OF WISCONSIN )
) SS
COUNTY OF MILWAUKEE )

I, JEFFREY G. NICHOLSON, Ph.D., PA-C., being duly sworn, states as follows:

1. I am a practicing, certified physician assistant and licensed to practice in the State of Wisconsin.

2. I have been in practice since 1992 and am familiar with PSA screening in patients such as Mr. Greenwood.

3. I have reviewed the notices of intent sent out in this matter pursuant to MCL 600.2912b; MSA 27A.2912(2).

4. I have reviewed Mr. Greenwood's medical records from Center for Family Health-Jackson and Henry Ford Hospital Jackson.

5. The standard of care applicable in this matter is that of a reasonably prudent physician's assistant under the same or similar circumstances.

6. It is my professional opinion, within a reasonable degree of medical certainty, that the urgent care providers, including, but not limited to, Travis Brown, PA-C, who rendered care to Mr. Greenwood at Center for Family Health-Jackson, breached the applicable standard of care in the following manner:

> (a) Failing to do serial PSA screening in light of Mr. Greenwood's age and clinical presentation;

1

(b) Failing to recommend serial PSA screening to Mr. Greenwood in light of his age and clinical presentation;

(c) Failing to take into consideration risk factors such as BPH when deciding to do or recommend serial PSA screening;

(d) Failing to take into consideration clinical findings, including, but not limited to, dysuria, hematuria, polyuria, and a testicular mass, when recommending or ordering serial PSA screening;

(e) Failing to follow-up on previous PSA testing.

I reserve the right to expand upon, amend, delete, and/or add to the opinions in this affidavit once discovery is completed in this matter.

7. For the PAs, including, but not limited to, Travis Brown, PA-C, to have complied with the standard of care, they should have done the following:

(a) To have timely done serial PSA screening in light of Mr. Greenwood's age and clinical presentation;

(b) To have recommended serial PSA screening in light of Mr. Greenwood's age and clinical presentation ;

(c) To have recommended serial PSA screening in light of Mr. Greenwood's risk factors, including, but not limited to, BPH;

(d) To have taken into consideration clinical findings, including, but not limited to, dysuria, hematuria, polyuria, and a testicular mass, when recommending or ordering serial PSA screening;

(e) To have timely and properly followed up on previous PSA performed on Mr. Greenwood.

I reserve the right to expand upon, amend, delete, and/or add to the opinions in this affidavit once discovery is completed in this matter.

8. As the direct and proximate result of the malpractice set forth in paragraph 6, above, Mr. Greenwood did not have serial PSA testing. Had the testing been done, as required by the standard of care, it is probable that Mr. Greenwood's prostate cancer would have been detected at an earlier stage. This would have led to earlier diagnosis and treatment. Had the cancer been

2

detected earlier it is probable that it would not have metastasized, and Mr. Greenwood would have a far better prognosis.

9. This Affidavit is filed in accordance with MCL 600.2912d; MSA 27A.2912(4).

JEFFREY NICHOLSON, Ph.D, PA-C

Subscribed and sworn to before me
this 20 day of June, 2022.

Xavier D. Karjohn
NOTARY PUBLIC

XAVIER D. KARJOHN
NOTARY
PUBLIC
STATE OF WISCONSIN

## AFFIDAVIT OF MERIT

STATE OF NEW JERSEY    )
                       ) SS
COUNTY OF              )

I, DIANE E. MEEHAN, PH.D, R.N., FNP-B.C., being duly sworn, states as follows:

1. That I am a board-certified family nurse practitioner licensed to practice in the State of New York and have been in practice since 1996. I am licensed as a registered nurse in the States of New York and New Jersey. My clinical work experience includes serving, since 1996, as a Family Nurse Practitioner at various locations, in various positions, and in various health care settings, including Staten Island University Hospital/Northwell Health, a major tertiary referral center in New York City. From 2002 – 2009, (leave of absence 2006-2008), I was also an Assistant Professor of Nursing at Monmouth University in Long Branch, New Jersey; while there I taught Family Nurse Practitioner students. Currently, in addition to my clinical practice as a certified nurse practitioner, I am an Adjunct Assistant Professor at Hunter- Bellevue School of Nursing, in New York City, where I teach and train nurse practitioners.

2. I have performed assessments of patients like Leroy Greenwood who have BPH, prostate cancer and other urological conditions. I have advised patients regarding PSA tests, DRE. I also teach/supervise students in caring for patients such as Leroy Greenwood.

3. I have reviewed the Form 95 sent earlier this matter.

4. I have reviewed Mr. Greenwood's medical records from The Center for Family Health-Jackson and Henry Ford Hospital (Jackson).

1

5. The standard of care applicable in this matter is that of a reasonably prudent nurse practitioner rendering primary care to a patient such as Mr. Greenwood.

6. It is my opinion that, within a reasonable degree of medical probability, that nurse practitioners rendering primary care to Mr. Greenwood at the Center for Family Health-Jackson, including, but not limited to, Elizabeth Finley, NP, deviated from the applicable standard of care in the following ways:

>(a) Failing to do serial PSA screening in light of Mr. Greenwood's age and clinical presentation;
>
>(b) Failing to recommend serial PSA screening to Mr. Greenwood in light of his age and clinical presentation;
>
>(c) Failing to take into consideration risk factors such as BPH when deciding to perform or recommend serial PSA screening;
>
>(d) Failing to take into consideration clinical findings, including, but not limited to dysuria, hematuria, polyuria, a testicular mass when recommending or ordering serial PSA screening;
>
>(e) Failing to follow-up on previous PSA testing.

I reserve the right to expand upon, amend, delete, and/or add to the opinions in this affidavit once discovery is completed in this matter.

7. For the nurse practitioners, including, but not limited to, Elizabeth Finley NP, to have complied with the standard of care, they should have done the following:

>(a) To have timely done serial PSA screening in light of Mr. Greenwood's age and clinical presentation;
>
>(b) To have recommended serial PSA screening in light of Mr. Greenwood's age and clinical presentation ;
>
>(c) To have recommended serial PSA screening in light of Mr. Greenwood's risk factors, including, but not limited to, BPH;
>
>(d) To have taken into consideration clinical findings, including, but not limited to, dysuria, hematuria, polyuria, a testicular mass along with a prior

history of penile implants when recommending or ordering serial PSA screening;

(e) To have timely and properly followed up on previous PSA performed on Mr. Greenwood.

(f) to perform digital rectal exams given Mr. Greenwood's history of BPH and other urological symptoms

I reserve the right to expand upon, amend, delete, and/or add to the opinions in this affidavit once discovery is completed in this matter.

8. As the direct and proximate result of the malpractice set forth in paragraph 6, above, Mr. Greenwood did not have serial PSA testing. Had the testing been done, as required by the standard of care, it is probable that Mr. Greenwood's prostate cancer would have been detected at an earlier stage. This would have led to earlier diagnosis and treatment. Had the cancer been detected prior to metastasizing, Mr. Greenwood would have had a far better prognosis.

9. This affidavit is filed in accordance with MCL 600.2912d; MSA 27A.2912(4).

*[signature]*
DIANE E. MEEHAN, Ph.D., RN, FNP-BC

Subscribed and sworn to before me
this 18th day of June, 2022.

*[signature]*
NOTARY PUBLIC

SHELLY A. WILLIAMS
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 6/26/2023

3